Reviewed by the Special Division.

*Decision will be entered for the respondent.*

---

Samuel E. Bogley and Anita C. Bogley, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 61193.    Filed May 29, 1958.

*D. L. Mitchell, Esq.*, for the petitioners.
*Charles P. Dugan, Esq.*, for the respondent.

Respondent determined a deficiency in petitioner's income tax for the year 1951 in the amount of $5,313.02, together with additions to tax under section 294 (d) (2) and (d) (1) (A), I. R. C. 1939, in the respective amounts of $480.54 and $720.79.

By supplemental stipulation filed after the trial of this case, the respondent has conceded that petitioners are not liable for the addition to tax under section 294 (d) (2) and petitioners have conceded that the addition to tax under section 294 (d) (1) (A) is proper.

That part of the deficiency is here at issue which results from respondent's inclusion in petitioners' taxable income for 1951 of long-term capital gain in the amount of $10,021, explained in the statement attached to the notice of deficiency as follows:

It is held that you realized long-term capital gain in the amount of $20,042.00 from the sales made by you in June and August, 1951, of two tracts of land aggregating approximately 10 acres, located in the Bradley Farms subdivision of Potomac, Maryland, and that 50 per cent, or $10,021.00 of such gain is includible in your taxable income for the year 1951. It is further held that at the time of such sales, no part of such tracts of land was occupied by you as a residence.

### FINDINGS OF FACT.

A portion of the pertinent facts has been stipulated. We incorporate herein by this reference the stipulation and the exhibits identified therein.

Petitioners, who are husband and wife, reside at R. F. D. No. 1, Rockville, Maryland, and filed their joint Federal income tax returns for the calendar years 1950 and 1951 with the collector of internal revenue at Baltimore, Maryland.

In 1939 petitioners purchased 13 acres of land near Bethesda, Maryland, on which they constructed a home where they resided until on or about the 1st day of December 1950. On that date they purchased the home near Rockville, Maryland, in which they lived from that date until the present time. Petitioners paid $67,721.96 for the Rockville home and made improvements thereon within a year from the date of purchase in the total amount of $5,874.79.

In December 1950 petitioners sold their Bethesda home and 3 acres immediately surrounding it for $54,500. Their basis with regard to the Bethesda property was $47,486.99. The purchaser was financially unable to purchase the entire property at that time, but petitioners assured him that he would have the "first refusal" for the purchase of the remaining 10 acres. Petitioners sold 5 of these acres to him in August 1951. In June 1951 they had sold 5 acres to another person. For the 10 acres sold in 1951 petitioners received $20,042.

In their 1950 return petitioners reported capital gain from "Sale of residence" made on December 1, 1950, in the sum of $7,013.01 ($54,500 less $47,486.99). Petitioners did not report in their 1951 return the proceeds from the sales of the 10 acres made in that year.

### OPINION.

KERN, *Judge:* Petitioners contend that the gains derived from the sales of real estate made in 1951 are not to be recognized by reason of the provisions of section 112 (n) (1) of the Internal Revenue

Code of 1939, added to the Code by section 318 (a) of the Revenue Act of 1951, set out in the margin hereof.[1]

Respondent points to section 318 (c) of the Revenue Act of 1951, which reads as follows:

Effective Date.—The amendments made by this section shall be applicable to taxable years ending after December 31, 1950, but the provisions of section 112 (n) (1) and (6) of the Internal Revenue Code shall apply only with respect to residences sold (within the meaning of such section) after such date.

He argues that after December 31, 1950, regardless of what the situation might have been prior thereto, the 10 acres of unimproved land cannot be considered as "property * * * used by the taxpayer as his principal residence * * *" within the meaning of section 112 (n) (1). It is his position that petitioners' "principal residence" was sold in 1950 at a time when section 112 (n) (1) was not applicable.

Limiting ourselves strictly to the facts of the instant case and relying upon the provisions of section 318 (c) of the Revenue Act of 1951, quoted above, it is our opinion that respondent's position is correct.

Petitioners sold their Bethesda home in 1950 when section 112 (n) (1) was not applicable, and they properly reported the gain therefrom as capital gain from "Sale of residence." At the time when section 112 (n) (1) became applicable (on January 1, 1951) petitioners did not own a residence located on the Bethesda property; they merely owned 10 acres of unimproved land. Since section 318 (c) of the Revenue Act of 1951 specifically provides that "section 112 (n) (1) * * * shall apply only with respect to residences sold * * * after" December 31, 1950, and since after that date petitioners sold only unimproved land upon which they did not reside, we must conclude that the sales of this acreage made in 1951 were not sales of petitioners' "principal residence" or "old residence" to which section 112 (n) (1) was applicable.

If the three sales had all been made by petitioners subsequent to December 31, 1950, the situation would differ materially from the instant case, and section 318 (c) of the Revenue Act of 1951 would not be pertinent. We again point out that we are deciding in this opinion only the narrow question presented by the facts peculiar to this case.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.—

(n) GAIN FROM SALE OR EXCHANGE OF RESIDENCE.—

(1) NONRECOGNITION OF GAIN.—If property (hereinafter in this subsection called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning one year prior to the date of such sale and ending one year after such date, property (hereinafter in this subsection called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's selling price of the old residence exceeds the taxpayer's cost of purchasing the new residence.

MURDOCK, *J.*, dissenting: Section 112 (n) (1) refers to the sale of "property" "used by the taxpayer as his principal residence." The property sold consisted of 13 acres improved by a house. All of that property was the "old residence" and nobody contends to the contrary. The new residence was apparently purchased early in December and a part of the old residence was sold shortly thereafter and prior to December 31, 1950. Section 112 (n) (1) did not apply to the sale of that part because it took place prior to December 31, 1950. However, the remaining part of the "old residence" "property" consisting of the remaining 10 acres was sold after December 31, 1950, and section 112 (n) (1) can apply to the gain realized from the sale of that part of the old residence property.

The opinion holds that section 112 (n) (1) does not apply to the sale of that part of the old residence property because the petitioner had previously sold the 3 acres on which the house was situated so that thereafter the petitioner was no longer using any part of the property as his principal residence. Section 112 (n) (1) does not require that the old residence be used as the taxpayer's principal residence at the time actually sold and it does not require that the old residence property be sold in one piece.

It appears in this case that Bogley had bought the new property and may have been occupying it before selling any part of the old residence property. Suppose that Bogley had purchased and moved into the new residence property on June 1, 1951, and then on June 15 sold the house and 3 surrounding acres and on July 1 and 15, 1951, had sold the remaining 10 acres in 2 parcels. Section 112 (n) (1) should apply, despite the fact that the old residence was not being used as his principal residence at the time of any of the sales of portions of it, since section 112 (n) (1) contemplates that a new residence may be acquired and occupied as long as 12 months prior to the sale of the old residence property.

The 10 acres were a part of the property constituting the old residence. That part of that property was sold after December 31, 1950, and the new property was purchased within 1 year prior to those sales. I cannot see why section 112 (n) (1) does not apply to the profit on the sale of the 10 acres, the amount of which is not in dispute.

OPPER, PIERCE, FORRESTER, and TRAIN, *JJ.*, agree with this dissent.