George H. **KEELER** and Madeline B. Keeler

v.

**UNITED STATES of America.**

Civ. A. No. 6018.

United States District Court
N. D. Georgia,
Atlanta Division.

April 9, 1959.

Campbell Napier, Atlanta, Ga., for plaintiff.

James P. Saunders, Atty., Dept. of Justice, Washington, D. C., for defendant.

HOOPER, Chief Judge.

In this case plaintiffs seek to recover from the United States certain payments made for income taxes for the fiscal years 1954 and 1955. Basis of plaintiffs' claims is that plaintiffs expended upon certain property belonging to them the sum of $2,868.27 representing cost of erection of a fence upon their property.

As plaintiffs were the owners of the tract of land including not only the home place at which they live, but also considerable acreage to the rear of the same from the highway, the real question at issue in the case is whether or not the expenditures for erection of the fence were made for the improvement upon the tract of land behind the residence and off the highway which was subdivided by plaintiffs and sold as individual lots.

The way in which this question arose is this, that plaintiffs sold off some of these lots and in computing the amount of their capital gain, attempted to prorate as to the lots sold the cost of the fence in its relationship that it bore to the value of cost of the entire subdivision and this difference represents the sum herein sued for.

By reference to a plat of this property identified as Plaintiffs' Exhibit 4–A it appears that the home place fronts on

Kennesaw Ave. in Marietta in Cobb County, Georgia, said avenue running northwesterly and southeasterly. The fence in question was erected by plaintiffs and ran in a generally northwesterly and southeasterly direction between the home place and certain vacant property adjoining the home place along its northwesterly line. There is also involved 203 feet of fence located along the northwesterly side of Atwood Drive, a new street created in the subdivided property.

The expenditures herein claimed as a deduction therefor cover the cost of the fence and the erection of the fence covering a total of 935 feet as shown on said plat.

The plaintiff Mr. Keeler in his claim for refund and in his testimony on the stand has stated very frankly in substance that the purpose of the fence was to prevent the purchasers of the lots in the subdivision in going to and from the highway and to schools, et cetera, from coming across that portion of plaintiffs' property which was retained by them. To that extent it is clear that the fence would benefit the plaintiffs herein and not the purchasers of lots in the subdivision.

Plaintiffs also contend however that erection of the fence between the property retained and the property in the subdivision which is sold benefits the purchasers of lots in the subdivision in that the fence acts as a back line to the lots which are sold, thereby relieving the property owner of the expense, when enclosing their lots with a fence, of that portion in the rear of the lots. It appears however that the fence is erected entirely upon the property of the taxpayers which was retained at a distance of about four inches from the rear line of the lots in the subdivision and that plaintiffs-taxpayers have the right at any time they see fit to remove the fence. A different situation no doubt would

have arisen had plaintiffs put the fence on the line and had in some manner given to the purchasers of the subdivision the right to the use of the fence. In those circumstances the fence might have been considered somewhat in the nature of a party wall between two adjoining property owners which under Georgia law might be the property of each and neither could remove it without the consent of the other.

It may be true that the location of the fence at the rear of the lots might in the mind of property owners give them some additional value but in contemplation of the law that is not true, except that it might give them permissive right to use the fence as long as it should remain in that position.

For reasons set forth above counsel for the Government may prepare a judgment accordingly, denying claims of plaintiffs and may prepare and submit to the Court any further findings of fact which may be deemed necessary or pertinent hereto.

 From the evidence it appears that the fence in question aggregated 935 feet in length and the cost of the fence together with cost of installation is $2,868.27. Plaintiffs' counsel insists that plaintiffs would have been compelled under any circumstances to incur expense in moving the old barbwire fence previously located on the subdivision property and therefore the expense of such removal should be considered as a cost of improvement to the subdivision. However as pointed out by counsel for the Government that was not the basis of plaintiffs' claim in this action. Therefore it need not be considered by the Court. The specific basis of plaintiffs' claim herein is not removal of the old fence but the purchase and installation of the new fence at a location different from the location of the old fence.