BENJAMIN A. O'BARR AND RUBY L. O'BARR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5454-63. Filed June 30, 1965.

*E. Gene Wade*, for the petitioners.
*Eugene H. Ciranni*, for the respondent.

#### OPINION

MULRONEY, *Judge:* Respondent determined deficiencies in petitioners' income taxes for the years 1961 and 1962 in the respective amounts of $431.19 and $275.13.

Petitioners received capital gain upon the sale of a portion of the 2-acre tract on which their dwelling house was located. The issue is whether the gain is to be recognized when they invested the proceeds of the sale in a new residence and moved into it within 18 months after the sale.

All of the facts have been stipulated and they are found accordingly.

Petitioners are husband and wife. They live in Mesa, Ariz., and they filed their 1961 and 1962 income tax returns with the district director in Phoenix, Ariz.

In 1926 petitioners acquired a 2-acre rectangular piece of land located on the southeast corner of the intersection of Alma School Road (running north and south) and 4th Avenue (running east and west) in Mesa, Ariz. After eliminating the 33-foot strips extending to the middle of the roads, the tract was 297 feet along Alma School Road and 231 feet along 4th Avenue. There was a dwelling house located in the northeast quadrant of the tract, fronting on 4th Avenue in which petitioners lived. It is stipulated that the entire 2-acre tract was used by petitioners as their principal residence on April 29, 1961, and had been so used for many years prior thereto.

On April 29, 1961, petitioners sold the northwest portion of the tract (147 feet along Alma School Road and 121 feet along 4th Avenue) for $40,000 for a gasoline filling station—which was actually not erected by the purchasers until 1965. The lot which was sold did not include petitioners' dwelling. An easement of access was also granted to the purchasers by petitioners across a corner of their re-

tained portion. This easement extends 30 feet east along 4th Avenue from the eastern edge of the parcel that was sold and 40 feet south from the edge of 4th Avenue.

Petitioners collected $11,252.44 of the sales price for the lot in 1961 and they collected $7,195.12 of the sales price in 1962. Petitioners' basis in the lot which was sold was $500. Petitioners incurred $150 in costs in order to accomplish sale of the lot.

In August 1961, petitioners purchased a new residence at a cost of $13,326.67 and they moved into this new residence that same month. Petitioners' old dwelling remained vacant for approximately 2 months. Thereafter the old dwelling has been occupied by the family of petitioners' daughter.

Petitioners reported the gain on the sale of the ½-acre tract on the installment basis but computed the taxable gain to be only the amount by which the sales price exceeded the cost of purchasing the new residence in August 1961.

The issue here is whether the gain petitioners realized upon the sale of the corner half-acre lot in April of 1961 is to be recognized under section 1034, I.R.C. 1954. That statute provides in subsection (a), as follows:

(a) NONRECOGNITION OF GAIN.—If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

Respondent interprets the above statute as having no application when the property sold does not include the seller's dwelling house. Petitioners contend it is the taxpayer's "use" of the property sold rather than whether it includes his dwelling house, that controls. And, petitioners argue, since respondent stipulated that the entire 2-acre tract, including the half acre that was sold, was used by petitioners as their principal residence on April 29, 1961, then the statute bars recognition of the gain.

We agree with respondent. It can readily be conceded that prior to the sale, the house and all of the 2-acre tract was petitioners' "old residence" within the meaning of the statute and in the sense that we commonly think of a residence as a dwelling house with some surrounding land that is not used for income-producing activities. There might in some cases be a dispute as to the extent of land adjacent to the dwelling that can be considered a part of the residence, but any dispute in that direction was rightly eliminated here, for it would be of no consequence since the first requirement of the statute—that the "old residence" be sold or disposed of is not met.

The only property that was ever sold here was vacant, unimproved land. While a residence can consist of a dwelling house and adjacent land, the adjacent land alone cannot be considered a residence.[1]

Here, according to the stipulated facts, petitioners' old dwelling house has never been sold or disposed of. The only logical interpretation of section 1034 is that it will only apply in situations where a taxpayer has disposed of his old dwelling. Since that has not occurred here, the statute has no application.

Petitioners cite *Bogley* v. *Commissioner*, 263 F. 2d 746, reversing 30 T.C. 452. The case does not support petitioners for there the old dwelling house was sold. In that case the Court held all of the old residence consisting of the dwelling house and 13 acres could be sold in three separate transactions (one before and two after the effective date of the Act) and still qualify for nonrecognition under this statute. The holding does not support petitioners' contention that they can retain their old dwelling and get nonrecognition of gain under this statute when they sell off a part of the land on which it is located.

*Decision will be entered for the respondent.*

---

[1] Respondent's regulations, sec. 1.1034–1(c)(3), illustrate the necessity of there being a sale of a structure that is being used for a place of abode before the statute applies. The section states, in part:

Property used by the taxpayer as his principal residence may include a houseboat, a house trailer, or stock held by a tenant-stockholder in a cooperative housing corporation * * * if the dwelling which the taxpayer is entitled to occupy, as such stockholder is used by him as his principal residence * * *.