opinion In September 1961, petitioners occupied premises A, consisting of a dwelling house and lot, as their principal place of abode. On September 12, 1961, the petitioners agreed to convey to WRI the land on which the petitioners’ dwelling was situated and to remove the' dwelling therefrom. In exchange, they received $20,000 in cash and the right to possess, for their lives, other residential property (premises B). On September 16, 1961, they acquired by purchase a parcel of land (premises C), and subsequently moved their former dwelling to that location where it has since been used as income-producing rental property. Also in September 1961, the petitioners moved into premises B and thereafter continued to occupy it as their only place of residence. The first issue for our decision is whether part of the gain petitioners realized upon the exchange of the premises A land qualified for nonrecognition under section 1034. That section provides, in pertinent part, as follows: SEC. 1034. SALE OR EXCHANGE OF RESIDENCE. (a) Nonrecognition of Gain. — If property (in this section called “old residence”) used by the taxpayer as his principal residence is sold by Mm after December 31,1953, and, within a period beginning 1 year before tbe date of such sale and ending 1 year after such date, property (in this section called “new residence”) is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer’s adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer’s cost of purchasing the new residence. * * ⅜ * * * * (c) Rules eok Application op Section. — For purposes of this section: (1) An exchange by the taxpayer of his residence for other property shall be treated as a sale of such residence, and the acquisition of a residence on the exchange of property shall be treated as a purchase of such residence. Respondent contends that petitioners did not sell or exchange their “old residence” within the meaning of the above statute since they retained their former dwelling house. On the other hand, petitioners claim that the premises A land was as much a part of the residential property as the dwelling, and that the land, by itself, should be treated as an “old residence.” We agree with the respondent.[2] In Benjamin A. O'Barr, 44 T.C. 501 (1965), the taxpayers sold an unimproved portion of the land on which their dwelling house was located. Several months later they purchased and moved into a new residence, but they did not sell their old dwelling house which, after remaining vacant for about 2 months, was occupied 'by the family of the taxpayers’ daughter. The Court recognized that an “old residence” may include both a dwelling house and some surrounding land which is not used for income-producing purposes. However, the Court stated (44 T.C. at 503) that “While a residence can consist of a dwelling house and adjacent land, the adjacent land alone cannot be considered a residence.” The Court further stated (44 T.C. at 503) : Here, according to the stipulated facts, petitioners’ old dwelling house has never been sold or disposed of. The only logical interpretation of section 1034 is that it will only apply in situations where a taxpayer has disposed of his old dwelling. Since that has not occurred here, the statute has no application. Petitioners rely on Bogley v. Commissioner, 263 F. 2d 746 (C.A. 4, 1959), reversing 30 T.C. 452 (1958), in which the taxpayer sold his old residence, consisting of a house and 13 acres, all of which was offered for sale as an entirety, in three separate transactions. The house and immediately surrounding 3 acres of land were sold in 1950 before the effective date of section 318(a) of the Revenue Act of 1951 (sec. 112(n) (1) of the 1939 Code), and a few months later, but in 1951 after the new section became effective, the remaining 10 acres of that tract of land were also sold, in two separate parcels of 5 acres each. We concluded that petitioners there, having sold their old residence in 1950, did not own a residence located on the property in 1951 but merely 10 acres of unimproved land. Since tlie sales of acreage in question took place in the year following the sale of the old residence we held that they were not sales of an old or principal residence to which the new statute applied. The Fourth Circuit reversed and held that the land sold in the year after the sale of the house still constituted part of the taxpayers’ “old residence” within the meaning of the predecessor of section 1034. The Court of Appeals pointed out that the 13 acres intact were the old residence and that to qualify for section 112 (n) (1) (now sec. 1034 (a)) treatment the property need not be used as a residence on the date of sale. The 10-acre tract was held to be not merely vacant, unimproved land when sold'but in reality part of the taxpayers’ old residence. We view the Bogley case as distinguishable and inapposite here. As we recognized in Benjamin A. O'Barr, supra, the holding in Bogley does not support the contention that a sale of land, by itself, qualifies for nonrecognition of gain when the dwelling house is retained by the taxpayer. Likewise we view Bev. Rui. 54-156,1954-1 C.B. 112, which petitioners cite, as distinguishable also, even if we were to regard it as an acceptable extension of the statutory scheme by respondent’s interpretation.[3] Here petitioners did not move their old dwelling house to a new lot and occupy it as their principal residence. Instead they moved it to another lot, converted it to income-producing property and have continued to rent it since that time. The petitioners’ basis in their former dwelling was $19,324.12, and in the old lot it was $1,023.44. To conclude that the sale of the lot alone without the dwelling was the sale of petitioner’s old residence (used by them as their principal residence) under the facts disclosed by the record here would be to wag the dog by its abnormally short tail. We conclude that petitioners have failed to meet the requirements of the statute, as interpreted by us in Benjamin A. O'Barr, supra, since they did not sell or dispose of their former dwelling house. They contend, however, that the instant case is distinguishable from O'Barr, first, because the entire lot of premises A was sold rather than a mere unimproved, vacant portion thereof, and second, because the dwelling was moved to another lot. We note the differences but do not find any good or compelling reason why a different result should obtain under such circumstances. As we observed in O'Barr, adjacent land alone cannot be considered a residence for the purposes of applying section 1034. We hold that the gain realized by petitioners on the sale of the subjacent land alone of premises A, without the old dwelling which petitioners retained, does not qualify for nonrecognition under section 1034(a). In the light of our conclusion that section 1034 is not applicable on the record before us, because petitioners retained their dwelling and converted it to rental property at a new location, we need not decide whether or not the limited and inalienable life estate that the petitioners acquired in premises B, as part of the consideration for the sale of the lot of premises A, is property which qualifies as a new residence under section 1034. See fn. 2 supra. The only remaining issue for our decision is whether respondent properly considered the cost of moving petitioners’ former dwelling from premises A to premises C as a capital expenditure which should be added to the basis of the dwelling. Petitioners contend that this moving expense constituted an improvement to the premises A land and a cost of sale which should be treated as an offset against the amount realized on the sale of the land. It is clear that when a seller of land agrees by contract with the purchaser to demolish and remove the buildings situated on the land, the removal cost represents a capital expenditure which serves to increase the seller’s basis in the land for the purpose of computing his gain realized. Standard Linen Service, Inc., 33 T.C. 1 (1959). On the other hand, the cost of moving a building intact from one location to another has been considered an improvement to the building which should be added to the basis of the building. Hoyt B. Wooten, 12 T.C. 659 (1949), affd. 181 F. 2d 502 (C.A. 6, 1950); Rev. Rul. 79, 1953-1 C.B. 41; see also Rev. Rul. 5A-156, supra. The parties have stipulated only that petitioners agreed to remove their former dwelling house from premises A. There is no evidence of record indicating that the buyer of the premises A land asked for or could have required that the dwelling be moved to premises C. Nol-is there evidence of any benefit inuring to the premises A land by moving the house to premises C. Petitioners have not proved that moving the dwelling from premises A to premises O was either essential to, or for the basic purpose of, effectuating the sale or exchange of the premises A land. Neither have they established any relationship between the amount of the moving expense in question and the cost of merely removing the house from the lot sold. We conclude that petitioners have failed to carry their burden of proving that the cost of moving the dwelling should be added to their basis in the land sold. Willow Terrace Development Co. v. Commissioner, 345 F. 2d 933 (C.A. 5, 1965), affirming 40 T.C. 689 (1963), certiorari denied 382 U.S. 938 (1965); see also Keeler v. United States, 174 F. Supp. 69 (N.D. Ga., 1959). Although a portion of the moving cost may well have represented an improvement to the premises A land and a cost of sale, neither party has argued that only a portion of the total moving cost is allocable to the petitioners’ basis in the land. Even if they had, and assuming arguendo that an allocation would be proper in certain cases, the facts of record are totally insufficient for the purpose of making such an allocation here.[4] We are constrained to conclude and hold that respondent’s determination as to this issue must also be sustained. Decision will be entered under Bule 50. Respondent also argued that premises B did not constitute a “new residence” under sec. 1034 (a) ; however, we do not find it necessary to reach that question. Rev. Rul. 54-156, 1954-1 C.B. 112, reads as follows: Where a taxpayer sells the land on which his principal residence is located, and within the period beginning 1 year prior to the date of the sale and ending 1 year after such date he purchases another lot and moves the old house to the new lot and uses it as his principal residence, the provisions of * * * [the predecessor of sec. 1034], relating to the nonrecognition of gain from the sale or exchange by a taxpayer of his principal residence, are applicable to the sale of the land. * * « In addition, no evidence was presented with respect to how much it would have cost to simply demolish and remove the dwelling from premises A. Moreover, petitioners have not argued that their basis in the premises A land should be increased at least to the extent of such clearance costs. Therefore, under the circumstances, we need not consider the applicability to the instant case of our holding in Standard Linen Service, Inc., 33 T.C. 1 (1959), wherein demolition and clearing costs were added to the seller’s basis in the land sold.