947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Wallace POAGUE, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
William Wallace POAGUE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-1708, 91-1709.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1991.
Decided Oct. 29, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-1784-A)
 Argued: Calvin Carl Curtis, Tax Division, United States Department of Justice, Washington, D.C., for appellant.
 James Spaulding Powell, O'Brien, Birney and Butler, Washington, D.C., for appellee.
 On Brief: Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, Jonathan S. Cohen, Tax Division, United States Department of Justice, Washington, D.C.; Henry E. Hudson, United States Attorney, Alexandria, Virginia, for appellant.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The taxpayer, William Poague, owned real estate in Prince William County, Virginia, on which he maintained a produce stand and his principal residence. Poague sold the real estate, dismantled the structures thereon, and purchased a home on another parcel of land. Poague did not report the proceeds from the sale of the property on his federal income tax returns. The Internal Revenue Service issued him a notice of deficiency. After paying the tax, Poague filed this action in the district court claiming tax deferral under section 1034 of the Internal Revenue Code. The court granted him summary judgment and held that part of the sold property was his "principal residence" and allocated a portion of the sale for application under section 1034. The Internal Revenue Service appeals, contending no part of the property could be considered his principal residence. Poague crossappeals, challenging the district court's formula for allocating the portion of the property which he had used as a residence. We affirm.
 
 
 2
 In 1980, William Poague entered into a six-year lease for 16,248 square feet of vacant, commercially-zoned property in Prince William County, Virginia. During that same year, Poague erected an opensided 60' X 24' building ("main building") and began operating a produce stand. Poague also brought a 7' X 12' refrigeration truck onto the property for business purposes and laid out a 20' X 36' parking area in front of the main building. In 1982, Poague added a 12' X 8' room behind the main building which in 1983 he began using as his principal residence. Later that year, he enclosed a 24' X 24' portion of the main building for storage of furniture and other personal belongings. In 1985, he brought a 12' X 7' trailer onto the property, which he also used for personal use.
 
 
 3
 On May 1, 1981, Poague entered into a sales contract to purchase the property for $66,000. When the owners refused to proceed to settlement, Poague filed a complaint for specific performance. The suit was settled on June 3, 1986. Under the terms of the settlement, the owners agreed to pay Poague $200,000; in return he agreed to dismiss the suit, remove the improvements, and vacate the property. Shortly thereafter, Poague dismantled the buildings he had constructed and removed the trailer and refrigeration truck.
 
 
 4
 Poague received from the owners approximately $50,000 in 1986 and $150,000 in 1987 in accordance with the settlement agreement. In 1987, Poague purchased a home in Catharpin, Virginia, for $141,236.27.
 
 
 5
 Poague did not report any income from the settlement proceeds on his 1986 and 1987 federal income tax returns, both of which were prepared by a certified public accountant. In 1988, the Internal Revenue Service issued Poague a notice of deficiency. Poague paid the taxes and late fees and filed a timely claim for refund asserting that he was entitled to defer recognition of gain from the settlement proceeds under 26 U.S.C. § 1034 (1988).
 
 
 6
 The district court granted summary judgment in favor of Poague, concluding that he had met the requirements of section 1034. In a supplemental opinion, the district court found that two-thirds of the property was devoted to commercial use. Therefore, only one-third of the settlement proceeds qualified for nonrecognition treatment under section 1034.
 
 
 7
 * The United States challenges the district court's conclusion that Poague sold his "principal residence" within the meaning of section 1034. The government argues that because Poague removed all the improvements from the property the sale was one for vacant land, not of a principal residence so that none of Poague's settlement proceeds qualified for nonrecognition under section 1034.
 
 
 8
 Section 1034 of the Internal Revenue Code states: (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.
 
 
 9
 26 U.S.C. § 1034 (1988) (emphasis added). The district court found that when Poague entered into the sales contract he contracted to purchase land as well as the improvements constructed thereon. The court reasoned that because Poague disposed of the entire property (the land and all improvements) under the terms of the settlement agreement, he had sold his principal residence within the meaning of section 1034. We find the district court's reasoning persuasive and affirm.
 
 
 10
 The government cites Hughes v. Commissioner, 54 T.C. 1049, aff'd, 450 F.2d 980 (4th Cir.1971), for the proposition that the mere sale of vacant property is not entitled to nonrecognition treatment under section 1034. Hughes, however, is distinguishable from the facts presented here. In Hughes, taxpayers sold the land on which their principal residence was located and physically relocated their residence to a new location. Here, Poague destroyed all the permanent structures on the property and did not relocate them elsewhere.
 
 II
 
 11
 In his cross-appeal Poague challenges the district court's allocation of his property between business and residential use.
 
 
 12
 First, he argues that only the 20' X 36' parking area and that portion of the structures used for business should be counted as portions of the property used commercially. He argues that, contrary to the district court's finding, the property surrounding his residence was intended to be used for residential purposes.
 
 
 13
 The district court found that fifteen percent of the property could be definitely identified as either residential or commercial in character--five percent residential and ten percent commercial. The court, however, found that Poague used the remaining eighty-five percent of the property for mixed purposes which included "walking to and from his business and residence, for storage of personal and business property, for activities related to the operation of his produce stand, and for recreation." Because the court could not separate the property specifically used for residential purposes from that used commercially, it reasoned that the same ratio deduced from the fifteen percent of the property, ten percent commercial to five percent residential or 2:1, should be applied to the mixed property. Therefore, the court held that one-third of the property was devoted to residential use and two-thirds to commercial use. We do not find fault with this allocation based on the district court's factual findings--we cannot say it is clearly erroneous.
 
 
 14
 Poague also argues that Rev.Ruling 82-26, 1982-1 C.B. 114, enables him to exclude the entire amount realized from the sale of the property, except for the portion that qualifies as business use property under section 280A(C)(1) of the Internal Revenue Code. We find no merit to this argument. Section 280A concerns only business use of the taxpayer's home and appurtenant property; it does not address how "mixed use" property outside the home should be allocated for purposes of section 1034.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 16
 AFFIRMED.