Cohen, J., concurring: I agree with the majority and write to explain my disagreement with the dissent. The dissent argues that the holding of the majority is inconsistent with the remedial purpose of section 121. This Court’s assigned task in the first instance, however, is to apply section 121 as written to the facts of this case. Section 121 requires that we examine the sale or exchange of property and provides that if the property sold was owned and used by the taxpayer as the taxpayer’s principal residence for at least 2 of the 5 years preceding the sale or exchange, the taxpayer qualifies for the exclusion under section 121(a). The focal point of the section 121 analysis is the property sold or exchanged. In this case the property sold consisted of land that petitioners had used for the required period (old land) and a new dwelling in which petitioners had never resided (new house). After concluding that the term “principal residence” means the dwelling (and associated land) in which a taxpayer resided as his or her primary home, the majority examined the facts to see whether what petitioners sold qualified as a principal residence within the meaning of section 121(a). The fully stipulated facts reveal that the dwelling petitioners sold was not used as their principal residence for the required 2-year period. Petitioners demolished their former principal residence and built a new, much larger house that they never occupied. The facts are decisive and support the holding of the majority. The dissent maintains that, because petitioners owned and used their former principal residence (old house, now demolished, and old land) for the required 2-year period, the property that they sold (new house and old land) qualifies for the exclusion. The dissent argues that this result is consistent with Congress’ intention to liberalize the exclusion rules in 1997 when it amended section 121. However, the dissent ignores the fact that the term “principal residence” has been consistently used by Congress since 1951, and there is no evidence in the legislative history of the Taxpayer Relief Act of 1997 (tra 1997), Pub. L. 105-34, sec. 312(a) and (b), 111 Stat. 836, 839, which amended section 121 and repealed section 1034, to indicate that Congress intended to change the meaning of the term “principal residence” sub silentio when it amended section 121. Although section 121 as amended by the TRA 1997 blended the approaches of former section 121 and former section 1034 to provide a simpler and more uniform treatment of gain generated by the sale of a principal residence, Congress did not change the definition of principal residence, a term it has used consistently since 1951 when section 112(n), the predecessor provision to former section 1034, was first enacted. The majority’s holding is consistent with caselaw that has developed under the predecessor provisions of section 121, most particularly former section 1034. The cases examine the dwelling to decide whether the property sold was used as the taxpayer’s principal residence. If a taxpayer sold a dwelling that the taxpayer used as a principal residence, the taxpayer qualified for the deferral provided by former section 1034 if the other requirements of section 1034 (such as the timely purchase of a qualifying replacement property) were met. If a taxpayer sold some part of the underlying land but not the dwelling that the taxpayer used as a principal residence, the taxpayer could not defer the recognition of gain on the sale because the taxpayer did not sell his or her principal residence. See, e.g., Hughes v. Commissioner, 54 T.C. 1049 (1970), affd. per curiam 450 F.2d 980 (4th Cir. 1971); O’Barr v. Commissioner, 44 T.C. 501 (1965). If a taxpayer sold his or her principal residence with part but not all of the underlying land and then sold the rest of the land close to the time of the sale of the principal residence, at least one court has held that the sales must be integrated in deciding whether the gain on the sale of land could be deferred. Bogley v. Commissioner, 263 F.2d 746 (4th Cir. 1959), revg. 30 T.C. 452 (1958). Although the Court of Appeals ultimately decided in Bogley that deferral was appropriate, the deferral was predicated on the fact that the taxpayer had also sold the principal residence in a related sale. If petitioners had sold their old home instead of demolishing it, they would have qualified for the section 121 exclusion. That is not what they did. They demolished the old home, constructed a new and larger dwelling, and then sold the new dwelling without occupying it for the required 2-year period. The dissent objects to the result and argues that the majority’s analysis in this case will distort the result in other cases in which the taxpayer should qualify for the section 121 exclusion. The response to this argument is straightforward — it is not this Court’s job to anticipate and decide cases that are not yet before it. As the Supreme Court cautioned in Dewsnup v. Timm, 502 U.S. 410, 416-417 (1992): Hypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day. We have often stated that we “must decide the case in the light of what was done, not what might have been done.” Paula Constr. Co. v. Commissioner, 58 T.C. 1055, 1060 (1972), affd. per curiam without published opinion 474 F.2d 1345 (5th Cir. 1973); see also Rogers v. Commissioner, 44 T.C. 126, 136 (1965) (“Our decision must be governed by what was actually done, rather than by what might have been done.”), affd. per curiam 377 F.2d 534 (9th Cir. 1967). The majority properly limits its analysis to the facts of this case, which were fully stipulated, and to the issues raised by the parties. Petitioners did not argue for a partial exclusion of gain attributable to the sale of the land, nor did petitioners introduce any evidence that would have permitted the Court to allocate gain between the new house and the land. Petitioners argued only that they were entitled to the full exclusion under section 121. As the majority holds, the property sold, i.e., the dwelling and related land, must have actually been used as petitioners’ principal residence for the required 2-year period. Because the new house petitioners sold was never used as their principal residence, the section 121 exclusion does not apply here. We may reach a different conclusion in cases involving different facts if and when the opportunity arises, but we should not distort the result in this case by anticipating those cases. Gale, Thornton, Marvel, Wherry, GustaFson, and Paris, JJ., agree with this concurring opinion.