**John M. ROGERS and John M. Rogers, Executor of the Estate of Gladys B. Rogers, Deceased, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 20621.**

United States Court of Appeals Ninth Circuit.

April 27, 1967.

Edward J. Ruff, Michael L. Mellor, Graham G. Campbell, James R. Bridges, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., C. Moxley Featherstone, Lee A. Jackson, Melva M. Graney, Edward Lee Rogers, Attys., Tax Division, Department of Justice, Washington, D. C., for respondent.

Before JERTBERG and ELY, Circuit Judges, and FOLEY, Jr., District Judge.

PER CURIAM.

This is a petition for a review of the decision of the Tax Court (44 T.C. 126). This Court has jurisdiction (26 U.S.C. § 7482). The Tax Court held the Petitioners' transfer of a parcel of realty and the contemporaneous acquisition of another parcel of realty was not a tax-free exchange within the purview of § 1031 of the Internal Revenue Code of 1954 (26 U.S.C. § 1031).

The findings of the Tax Court are fully supported by the record. We have carefully considered Petitioners' specifications of error and arguments and find them without merit. We affirm the well-reasoned opinion of the Tax Court. Petitioners argue to this Court that in the event this Court affirms the Tax Court's holding that the transaction was not a tax-free exchange, § 1031 of the 1954 Code applies to a simultaneous sale and purchase where an exchange was intended by the parties and where the transaction had the net effect of an ex-change. We need not reach this question, because the evidence does not support Petitioners' contention that both parties intended an exchange and that the transaction had the net effect of an exchange.