BYRON WAYNE MEADOWS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Meadows v. Commissioner
Docket No. 16511-80.
United States Tax Court
T.C. Memo 1981-417; 1981 Tax Ct. Memo LEXIS 333; 42 T.C.M. (CCH) 611; T.C.M. (RIA) 81417; August 10, 1981. Byron Wayne Meadows, pro se. Kevin M. Bagley, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $ 2,592. The only issue for decision is whether petitioner is required to recognize the gain on the sale of a duplex or is entitled to defer recognition of that gain under section 1031. [1]
Most of the facts have been stipulated and are found accordingly. Petitioner, who resided in San Diego, California, at the time of the filing of the petition in this case, filed an individual Federal income tax return for the calendar year 1977. In 1963, petitioner acquired a duplex in Huntington Park, California (the duplex). He held this duplex as investment property. On December 22, 1977, petitioner sold the duplex to a third *335 party for $ 32,000 and realized a long-term capital gain on the sale of $ 18,706. The escrow with respect to the sale was closed on December 22, 1977, by Morrison Escrow Company. That company was directed by petitioner to transfer $ 16,000 which would otherwise have been paid to petitioner from the escrow at the closing on December 22, 1977, directly into an escrow account which petitioner had with Centennial Title Company for purchase of a triplex in San Diego, California (the triplex). On December 28, 1977, petitioner purchased the triplex from Kearney Mesa Complex, a limited partnership, for $ 82,000. This triplex was purchased and held by petitioner as investment property. When petitioner initially negotiated for the purchase of the triplex, his negotiations had been with an individual. Petitioner had entered into a contract to purchase the triplex from the individual and the individual had transferred the triplex subject to the contract of sale to Kearney Mesa Complex before the closing of the escrow on the purchase. At no time was the legal title to or any interest in the duplex ever vested in the sellers of the triplex, and at no time was the legal title to or any interest *336 in the triplex ever vested in the buyers of the duplex. Petitioner on his 1977 tax return listed the disposition of the duplex as a "like kind exchange" with no gain recognized. Respondent in his notice of deficiency increased petitioner's income as reported by $ 9,353. This amount was arrived at by determining that petitioner realized a longterm capital gain of $ 18,706 on the sale of the duplex which was reduced by the "section 1202 deduction" of $ 9,353. Respondent explained his adjustment as follows: It has been determined that the alleged exchange of your duplex for a triplex was in fact two separate transactions. The transaction involving the duplex is considered a sale and does not qualify under Section 1031 of the Internal Revenue Code as a nontaxable exchange. Therefore, the gain on the sale of your duples increases taxable income by $ 9,353. * * * Both parties agree that the duplex which petitioner sold in 1977 was a capital asset as defined in section 1221. Section 1001(a) provides that the gain from the sale or other disposition of property "shall be the excess of the amount realized therefrom over the adjusted basis * * *." The parties *337 agree as to the gain realized by petitioner on the sale of the duplex. It is petitioner's position that the gain on the sale should not be recognized because the sale of the duplex and the purchase of the triplex should be treated as an exchange of like kind properties under section 1031. Section 1031(a) provides for nonrecognition of gain "if property held * * * for investment * * * is exchanged solely for property of a like kind to be held * * * for investment." It is petitioner's position that since he had the funds received from the sale of the duplex transferred directly from the escrow for the downpayment on the purchase of the triplex, in substance he made an exchange of the two properties. Petitioner argues that to hold otherwise is unfair to the small investor who would find it more difficult to effect an exchange than a larger investor. He argues that for this reason section 1031 should be held to be unconstitutional as discriminating against the small investor. It is well settled that section 1031 specifically limits the nonrecognition of gain to exchanges of property and that a sale of one piece of property and purchase of another piece of property with the funds *338 received from the sale does not qualify for nonrecognition treatment. Wheeler v. Commissioner, 58 T.C. 459, 462 (1972); Carlton v. United States, 385 F.2d 238, 241 (5th Cir. 1967); Rogers v. Commissioner, 44 T.C. 126, 133 (1965), affd. per curiam 377 F.2d 534 (9th Cir. 1967). Since petitioner does not fall within the provisions of section 1031, his gain on the sale of the duplex is recognized under the provisions of section 1001(c) [2] which provides for the recognition of gain on the sale of property. Section 1031 applies to all persons who exchange like kind properties. The law does not discriminatie in favor of large investors. Petitioner's contention that section 1031 is unconstitutional is without merit. However, as was pointed out to petitioner at the trial, since section 1031 provides one *339 of the exceptions to the recognition of gain on the sale or exchange of property, if this section were to be held unconstitutional, petitioner's gain on the sale of the duplex would nevertheless be a recognized gain. See O'Donnell v. Commissioner, 62 T.C. 781, 784 (1974). Petitioner states that he was told by a real estate salesman that if he had funds from the sale of the duplex transferred directly to the escrow agent handling his purchase of the triplex, the gain on the sale of the duplex would not be recognized. Petitioner argues that there is an unfairness in taxing him with respect to a transaction which he handled in the manner he did on the advice of a real estate agent. It is unfortunate if petitioner was misled by the representation of a real estate agent. However, this fact in no way causes his gain on the sale of the duplex not to be taxable to him in the year 1977. Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Sec. 1001(c) provides as follows: SEC. 1001. DETERMINATION OF AMOUNT OF AND RECOGNITION OF GAIN OR LOSS. (c) Recognition of Gain or Loss.--Except as otherwise provided in this subtitle, the entire amount of the gain or loss, determined under this section, on the sale or exchange of property shall be recognized.↩